# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9625 PA (JPRx) | Date | January 11, 2017 |
|---|---|---|---|
| Title | Alex Dominguez v. Navient Solutions, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is the Notice of Removal filed by defendant Navient Solutions, Inc. ("Defendant"). Defendant asserts that federal jurisdiction exists on the basis of the existence of a federal question. See 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal . . . ." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). The removing party has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus,

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9625 PA (JPRx) | Date | January 11, 2017 |
|---|---|---|---|
| Title | Alex Dominguez v. Navient Solutions, Inc. | | |

plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  There is no federal question jurisdiction simply because there is a federal defense to the claim.  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint is actually a "Claim and Order to Go to Small Claims Court."  In Plaintiff's Small Claims Complaint, Plaintiff requests that the Small Claims Court issue an order for "[d]eletion from credit plus $2500."  Defendant's Notice of Removal asserts that this demand "relies on federal law—namely, the Fair Credit Reporting Act (the FCRA), 15 U.S.C. § 1681, et seq."  Although Defendant's Notice of Removal alleges that this Court has federal question jurisdiction because the "statutory basis for challenging the accuracy of information contained on a credit report is the FCRA," the FCRA is never mentioned in Plaintiff's Small Claims Court Complaint.  Contrary to the allegations in the Notice of Removal, the Court cannot conclude that Plaintiff has actually alleged a claim pursuant to the FCRA.  Instead, Plaintiff may be asserting a claim exclusively under California law by bringing claims pursuant to either the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq., or the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 et seq.  As a result, Defendant has failed to meet its burden to establish that this Court possesses subject matter jurisdiction over this action.

For the foregoing reasons, the Court remands this action to Los Angeles Superior Court, case number 16VESC05790.  See 28 U.S.C. § 1447(c).  Defendant's Motion to Dismiss (Docket No. 8) is denied as moot.

IT IS SO ORDERED.